Electronically Served
4/3/2013 4:02:52 PM
Hennepin County Civil, MN

Filed in Fourth Judicial District Court
3/11/2013 11:10:55 AM
Hennepin County Civil, MN

RECEIVED BY MAIL
OCT 30 2014
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

RECEIVED BY MAIL
OCT 23 2014
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

I. Introduction

Plaintiff filed this suit *pro se* on March 3, 2012, asserting a claim of medical negligence against Dr. Henry Buchwald and Fairview Hospital for damages allegedly resulting both from a gastric bypass procedure she received from Dr. Buchwald, along with emergency room treatment she received at Fairview Hospital.

Approximately November 13, 2012, Plaintiff submitted to Defendants an "Affidavit of Expert Review and Identification of Expert – John D. Angstadt M.D. F.A.C.S" asserting that several doctors not named as defendants, i.e., Dr. Noznesky and Dr. Vitas, violated the standard of care when they provided medical treatment to Plaintiff.

Defendants Dr. Henry Buchwald and Fairview Hospital thereafter filed a motion to dismiss. That motion is under advisement.

Plaintiff also filed the present motion to amend the complaint to add additional parties. Defendants Dr. Buchwald and Fairview Hospital filed no opposition to that motion.

II. Standard to Amend the Complaint

Minn. R. Civ. P. 15.01 States that "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served....Otherwise a party may amend a pleading only by leave of court...and leave shall be freely given when justice so requires." *See also Marlow Timberland, LLC v. County of Lake*, 2011, 800 N.W.2d 637 (Minn. 2011) ("Leave of court to amend a pleading should be freely granted, except where to do so would result in prejudice to the other party.")

SCANNED
OCT 30 2014
U.S. DISTRICT COURT ST. PAUL

Electronically Served
4/3/2013 4:02:52 PM
Hennepin County Civil, MN

Filed in Fourth Judicial District Court
3/11/2013 11:10:55 AM
Hennepin County Civil, MN

### III. Plaintiff's Affidavit Appears to Fulfill Minn. Stat. 145.682 as to Dr. Nozesky and Dr. Vitas

Plaintiff asserts that the Court should grant Plaintiff's motion to amend the Complaint because Plaintiff's affidavit of expert review by Dr. Angstadt appears to satisfy Minn. Stat. 145.682, and sets forth the grounds for a cognizable claim against Dr. Noznesky and Dr. Vitas. The Court agrees.

In regard to Dr. Nozesky the affidavit states that "Dr. Noznesky....evaluated Mrs. Langama on March 6, 2008, and again on March 7, 2008. His failure to recommend urgent surgery led to her subsequent devastating complication. *His treatment did not meet the standard of care required by a general surgeon with his experience.*" (*Id.* at 5)(emphasis added).

In regard to Dr. Vitas the affidavit states that "Dr. Vitas examined Ms. Langama on March 8, 2008. The clinical history and presentation warranted immediate, emergency surgery. Instead he elected to repeat her CT scan even in the face of a bloody stool which would suggest intestinal ischemia. If there was any chance to reverse her ischemia it would be with emergent, immediate surgical intervention. *This delay resulted in the devastating complication he discovered when he operated on her.*" (*Id.* at 5)(emphasis added).

The above statements from Dr. Angstadt's affidavit appear to satisfy Minn. Stat. 458.682, and establish the basis for a viable claim of medical negligence against Dr. Noznesky and Dr. Vitas. It is therefore the interests of justice to grant Plaintiff's motion to amend, and that motion should be granted.

Dated: 3/8/13

Bruce A. Peterson
Judge of District Court

3