CASE 0:14-cv-04562-DWF-FLN  Document 1-4  Filed 10/30/14  Page 1 of 9

Filed in Fourth Judicial District Court
12/31/2012 5:36:48
Hennepin County Civil, M...

STATE OF MINNESOTA       DISTRICT COURT

COUNTY OF HENNEPIN      FOURTH JUDICIAL DISTRICT

CIVIL

RECEIVED BY MAIL OCT 30 2014 CLERK, U.S. DISTRICT COURT ST. PAUL, MN

Tanya Renee Langama,

    Plaintiff,

vs.      Case No.: 27-CV-12-549[9]

Fairview University U of M Hospital, &
Dr. Henry Buchwald,

    Defendants

RECEIVED BY MAIL OCT 23 2014 CLERK, U.S. DISTRICT COURT ST. PAUL, MN [crossed out]

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT AND TO ADD ADDITIONAL PARTIES

Comes now Plaintiff, Tanya Renee Langama, and pursuant to Minn. Rules of Civil Procedure, 19 et. seq., respectfully files this brief in support of her motion for Leave to Amend complaint; and for Joinder of Additional Defendant showing this Court as follows:

### I. Introduction

On March 6, 2012, Plaintiff filed a complaint written in her own hand writing Pro Se. The complaint names Fairview University of Minnesota Hospital and Dr. Henry Buchwald as defendants. The complaint alleges damages for medical malpractice that resulted in her suffering from a condition referred to as short-bowel syndrome. The defendant file an answer denying liability and suggesting that the plaintiff injuries and damages were caused or contributed to by others they had no control over or were the natural progression of the Plaintiff's underlying medical condition.

On the 19th of March 2012 the defendants served the plaintiff with discovery requests, including but not limited to a demand for Affidavit of Expert Review.

On the 15th of June 2012 Defendants filed a Notice of Motion and Motion to Dismiss pursuant to Minn. Stat. Sec. 145.682. The defendant moved the Court for an Order to dismiss

Plaintiff's Complaint on the grounds that Plaintiff failed to provide an initial affidavit of expert review within 60 days after defendants served Plaintiff with a demand for such affidavit.

On June 22, 2012, Plaintiff filed her Opposition to the Defendants' Motion to Dismiss and accordingly served the Defendants that same day. In her opposition to the Defendants' Motion, the Plaintiff requested a brief extension of time to comply with the statutory requirement to provide an affidavit of expert review.

In support of her request, Plaintiff cited her Pro Se status and her lack of knowledge of the rules and procedures applicable to such complex litigations. Further she did not know the consequences of not complying with the Defendants' demand within the statutory time of 60 days after a demand. Further, that after receiving the defendants' motion to dismiss, she sought and received assistance from the Volunteer Lawyers, Network. With their help, she promised to provide the Affidavit of Expert Review in a relative short time.

The Court entered an Order on August 3rd 2012, denying the Defendants' motion to dismiss and requiring the Plaintiff to submit the affidavit to the Defendant by September 6, 2012.

However, shortly before September 6, 2012 the Plaintiff retained counsel to represent her in these proceedings. Plaintiff's counsel requested a telephone conference to ask for an extension of the time beyond September 6, 2012 to submit the affidavit.

In an Order entered October 10, 2012, the Court granted the Plaintiff's request for extension and sat the new date to November 10, 2012. The Order also stated that the Court would issue an amended scheduling Order shortly thereafter.

In a letter dated November 13, 2012, Plaintiff complied with the Court's Order by serving copies of her Minn. 145.682 Affidavit on the Court and the Defendants.

In the expert's sworn affidavit, he acknowledged medical malpractice had occurred, but went further to place the blame on Dr. Noznesky and Dr. Vitas at the North Memorial Robbinsdale Hospital.

## II.   Statement of Facts

Plaintiff was a 28 year old woman suffering from Morbid Obesity at the time she presented herself to the care of Dr. Henry Buchwald, general surgeon at the Fairview Medical Center; University of Minnesota Hospital (hereinafter Fairview) in November 2001. Dr. Buchwald performed a gastric bypass with a hernia repair and tuberligation surgery on the

Plaintiff. The Plaintiff was readmitted to Fairview in January 2002 for complications relating to the gastric bypass surgery done just three months earlier by Dr. Buchwald.

During the period November 2001 and March 8th 2008 the plaintiff developed persistent abdominal pain and discomfort that caused her to seek medical attention and relief from sundry providers, including Dr. Buchwald on multiple separate occasions at Fairview; Dr. Noznesky at North Memorial Robbinsdale Hospital (Hereinafter North Memorial) Dr. Gregory Vitas at North Memorial, and Dr. Starr at the Mayo Medical Center, Rochester, Minnesota.

At each instant of her search for relieve she was subjected to surgery to either correct the medical problems or to save her life as a result of the medical problems. The Plaintiff may have had four or five surgeries between 2001 and 2008. At her last visit with Dr. Buchwald, she was faced with the dreadful prognosis of Short Bowel Syndrome and told that it could not be corrected and she has to live with the condition for the rest of her life. Today The Plaintiff is just 39 years old with an estimated 40 years to live.

As discussed supra, the Affidavit of Expert Review obtained by the Plaintiff as a prerequisite for moving this case forward was sworn out by Dr. John Angstadt, M.D., F.A.C.S., a renowned and prominent board certified surgeon with extensive experience and expertise in bariatric surgery and the assessment and care of patients that have undergone bariatric surgery.

In Dr. Angstadt's Affidavit, he acknowledges the respective roles and involvements of each of the various providers that treated the Plaintiff for complications related to or resulting from the initial gastric bypass surgery performed by Dr. Buchwald. Dr. Angstadt is of the considered medical opinion that the Plaintiff prognosis of short bowel syndrome is the result of the failure of Dr. Noznesky and Dr. Vitas to operate on the Plaintiff in a timely fashion. He states that had surgery been performed on the Plaintiff on March 7, 2008 (i.e. the second day after she presented to the emergency room for severe abdominal pain) the volvulus would have been corrected and the Plaintiff would have lost no portion of bowel. He concluded that the Plaintiff's short bowel syndrome is the result of this failure to act.

Nonetheless, Dr. Angstadt' Affidavit did in fact answer the question of whether medical malpractice resulting to damages to the Plaintiff did occur. He states that the delay in acting by the doctors at North Memorial Hospital breached medical standards adhered to in caring for post gastric bypass surgery patients.

However, by placing blame or fault on Dr. Noznesky and Dr. Vitas who are not named as parties in the complaint begs the question of whether their absence would prevent complete relief that could be accorded among those already parties.

Nevertheless, Dr. Angstadt affidavit implies that his opinion regarding fault is not conclusive because he would change it in the wake of new or additional information to the contrary. It should be noted that discovery has been suspended pending the resolution of defendant's motions to dismiss and the Court's order granting the Plaintiff time to obtain the Expert Affidavit and to amend it existing scheduling order. The additional information and/or record can only be realized through discovery by all the parties, including the North Memorial Hospital, Dr. Noznesky and Dr. Vitas the parties blamed for fault in the affidavit.

### III.   ARGUMENT

#### 1. The Court Should Grant Leave to Amend the Complaint

Minnesota Rule of Civil Procedure 15(1) applies to this motion and provides in pertinent parts that a party may amend a pleading by leave of court or by written consent of the adverse party; and leave shall be freely given when justice is requires, except where to do so would result in prejudice to the other party. *Minn.R.Civ.P. 15.01*; *Hughes v. Micka, 269 Minn. 268, 275, 130 N.W.2d 505, 510 (1964)*. *LaSalle Cartage & Johnson Brothers Wholesale Liquor*, 302 Minn. 351, 357-58, 225 N.W.2d 233, 237-38 (1974). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he/she ought to be afforded an opportunity to test his claim on the merits. The right to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving, or the amendment would be futile. *Edwards, v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) quoting Johnson v. Orowest Foods co. 785 F.2d 503, 509 (4th Cir. 1986)*.

'[A] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' 'Noll v. Carlson, 809 F.2d 1446, 48 (9th Cir. '87) (quoting Broughton v. Cutter Labs, 622 F.2d 458, 60 (9th Cir. '80)).

The Plaintiff herein initiated this case pro se plaintiff without any assistance from an attorney or anyone with experience in providing assistance to attorneys such as paralegals. The deficiency

sought to be cured or corrected can be and will be cured if the motion to amend her complaint is granted.

### A. The Motion For Leave Is Timely.

This motion seeking leave to amend the Complaint to add additional parties-defendants is timely because the Court has not yet amended its scheduling order as stated in its Order entered on October 10, 2012; also because discovery has not commenced and the parties to be added have knowledge or should have knowledge of these proceedings.

### B. Neither The Current Defendants Nor The Proposed Defendant Will Be Prejudiced By The Nature And Timing Of The Amendments.

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. *Laber v. Harvey* 438 F.3d 404, 427 (4th Cir. 2006). A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of fact not already considered by the defendant, and is offered shortly before or during trial."

In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decisions on the merits rather than on the pleadings or technicalities, *U.S. v. Webb*, 655 F.2d 977, 79 (9th Cir.'81). Some courts have articulated four concerns they brings to the review of a trial court's exercise of discretion regarding motions to amend a pleading. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.' *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 19 (9th Cir.'84), and *Howey v. United States*, 481 F.2d 1187, 90 (9th Cir.'73).

This matter was filed pro se on March 15, 2012. The defendants named in the Complaint filed a motion to dismiss on the 15th of June 2012 citing none compliance with Minn. Stat. Sec. 145.682. The Motion was denied and the Court gave Plaintiff up to September 6, 2012 to comply with Sec. 145.682. Shortly before September 6, 2012 Plaintiff retained counsel. Because of the shortness of time before September 6, 2012, Plaintiff counsel requested an extension. The Court granted the extension up to November 10, 2012 for the Plaintiff to comply with the statute. Plaintiff was able to obtain an affidavit from an expert and served it on the Court and defendants by a covering letter dated November 13, 2012.

This Motion is brought in December 2012. Up to the filing of this motion there has been no amendment to the Court's original Scheduling Order; though the Court has indicated its intention to amend its scheduling order after the Plaintiff had complied with Sec. 145.682. Discover was suspended pending the resolution of the Defendant' motion to dismiss and the Plaintiff's compliance or noncompliance with the statute in the time allowed by the Court. The dates and deadlines contained the scheduling order have become moot with the passing of time. A new scheduling order by the court would be appropriate when the Court deems it proper. In view of the forgoing, the defendants cannot claim sufficient prejudice to defeat Plaintiff's motion for leave to amend.

Furthermore, the purpose of the amendment is first to make the complaint legible since it was written in the Plaintiff's handwriting and may not be completely readable by persons other that the author. Also to ensure that minor deficiencies in the complaint attributable to the Plaintiff pro se status at the time it was drafted and filed. The second purpose of the proposed amendment is to discourage multiple litigations and to ensure the current parties received complete relieve which is not likely with the absence of the parties sought to be joined. Further to ensure that the proper parties are identified and held liable jointly or severally.

This amendment is based on the expert affidavit sworn to by Dr. Angstadt. In that affidavit, Dr. acknowledges medical malpractices that caused the short bowel syndrome did occurred but assigns the medical malpractice to Dr. Noznesky and Dr. Vitas both of whom are not named in the Complaint as parties.

C.   **Defendants Cannot Demonstrate Futility of The Proposed Amendment:**

A motion for leave to amend will be denied as futile when the proposed amendment is clearly insufficient or frivolous on its face. _Leiloni Popoalii, Appellant, v. Correctional medical services, et. al. Appellee 512 f.3d 488 (2008); Shirley A. WILLIAMS, Appellant, V. LITTLE ROCK MUNICIPAL WATER WORKS, Appellee. 21 F.3d 218 (1994)_

The Plaintiff's proposed Amended Complaint is not futile because it states a claim against the defendants upon which relief can be granted and seeks to join parties pursuant to Rule 19. Also because the amended complaint further amplified known factual bases for her claim against the defendants and against the defendants the Plaintiff seeks to add to this action. Therefore the court should grant the Plaintiff's Motion for leave to amend the complaint.

D.  **Relation Back of Amendments:**

Rule 15.03 of the Minn. R. Civ. P. states as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to e set forth in the original pleadings, the amendment relates back to the date of the original pleadings. An amendment changing the party against whom a claim is asserted relates back if the forgoing provision is satisfied and, within a period provided by the law for commencing the action against the party, the party to be bought in by amendment (1) has received such notice of the institution of the action that the party will be prejudiced in maintaining defense on the merits (2) knew or should have know that, but for a mistake concerning the identity of the property, the action would have been brought against that party;."

Rule 15.01 of the new Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Rule 15.03 thereof provides that, where the claim asserted in the amendment arose out of the transaction set forth in the original pleading, it relates back to the date thereof. In commenting thereon, *1 Youngquist & Blacik, Minnesota Rules Practice, p. 511,* sets forth that:

The principle of relation back of amended pleadings existed in prior law, but it was limited to an amendment which did not state a new cause of action. The harshness of the rule was modified by a liberal construction of a 'cause of action'. In accord with this liberal application of the principle, the rule requires only that the amendment arise out of the 'conduct, transaction, or occurrence' set forth in the original pleading." See, *Haack v. Coughlan, 134 Minn. 78, 158 N.W. 908.*

The federal courts in construing the identical rule (Federal Rule 15 [c]) have held it applicable in situations involving prescription or statutes of limitation, if the amendment under consideration relates back to or expands or amplifies the cause set forth in the original complaint, regardless of the intervening lapse of time or the running of the statute of limitations. *Gerrard v. Campbell (D.C.) 81 F. Supp. 752; Boerkoel v. Hayes Mfg. Corp. (D.C.) 76 F. Supp. 771; Bowles v. Tankar Gas, Inc. (D.C.) 5 F.R.D. 230; T.S.C. Motor Freight Lines v. Leonard Truck Lines, Inc. (D.C.) 4 F.R.D. 366.*

Here it is clear that the amendment does not change or vary the facts as alleged in the original complaint. It merely amplifies them and seeks to add additional parties pursuant to Minn. R. Civ. P. 19 -20 et. seq. Based upon the construction obviously intended for Rule 15.03

as above set forth, it follows that amendments are authorized even though the limitation statute would otherwise have run, since under the rule the amendment relates back to and takes effect as of the time of the commencement of the original action.

## II. North Memorial Hospital, Dr. Noznesky and Dr. Vita are necessary parties under Minn. R. Civ. P. 19.

19.01 Persons to be Joined if Feasible

"A person who is subject to service of process shall be joined as a party in the action if (a) in the person's absence complete relief cannot be accorded among those already parties.'

The purpose of Rule 19, as stated in Rule 19, Rules of Civil Procedure, Advisory Committee Note, "is to compel joinder of parties whenever feasible so that a complete disposition of a claim can be made in the pending case." The rule reflects pragmatic concern for the efficient use of judicial resources and also acknowledges the fact that the interests of a nonparty, against whom a judgment is not res judicata, may nonetheless as a practical matter be affected by the judgment.

Here, North Memorial Hospital, Dr. Noznesky and Dr. Vitas should be joined pursuant to Rule 19 et. seq., because the Court cannot "accord complete relief to the current parties without recourse against North Memorial Hospital, Dr. Noznesky and Dr. Vitas. See Minn. R. Civ. P. 19 et. seq. The purpose of Rule 19 as mentioned supra, "is to compel joinder of parties whenever feasible so that a complete disposition of a claim can be made in the pending case." "The rule reflects pragmatic concern for the efficient use of judicial resources and also acknowledges the fact that the interests of a nonparty, against whom a judgment is not res judicata, may nonetheless as a practical matter be affected by the judgment.

It is undisputed that Plaintiff presented herself to the North Memorial Hospital emergency room (ER) for emergency care. She was under the care of Dr. Noznesky and Dr. Vitas from March 7-12, 2008. It is alleged in a Rule 145.682 affidavit that malpractice occurred during this period that cause the injury sustained by the Plaintiff. However, the affiant of the affidavit reserved the right to change his opinion regarding fault, if additional information is shown to the contrary. It should be noted here, as stated above, that the additional information or records can only be obtained thru discovery of the original parties and the parties sought to be

added by this amended. And the only way to obtain discovery against North Memorial Hospital, Dr. Noznesky and Dr. Vitas is by joining them as parties pursuant to Rule 19 et. seq.

## IV. Conclusion

Based on the foregoing, the Court should Grant the Plaintiff's Motion for Leave, and thereby permit the Plaintiff to file her First Amended Complaint, which, among other things, expands upon the factual basis for the current claim, identifies and joins North Memorial Hospital, Dr. Noznesky and Dr. Vitas as named parties-defendants, and amends the caption of the Complaint.

Dated this 18th day of December, 2012
B: _____
Christopher O. Obasi (296223)
Samuel A. McIntosh, Sr. Esq. (0326811)
OBASI LAW OFFICE
5640 Brooklyn Blvd., Ste. # 220
Brooklyn Center, MN 55429
Tel. (763) 560-
Tel. (763) 566-1414
Attorneys for Plaintiff