UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TANYA LANGAMA,

    Plaintiff,

v.

DR. BUCHWALD, FAIRVIEW HOSPITAL,
NORTH MEMORIAL HOSPITAL, DR.
GREGORY J. VITAS, DR. NATHAN
NOZNESKY,

    Defendant.

Civil No. 14-4562 (DWF/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's *pro se* Application To Proceed Without Prepayment of Fees (Docket No. 2), by which she is seeking permission to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). Plaintiff's Complaint is subject to initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject-matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action by filing a Complaint alleging that the Defendants committed medical malpractice in their handling of one or more surgeries she underwent in 2008. In her Complaint, Plaintiff alleges that Defendants caused her permanent injuries for which she seeks damages of $25,000,000. (*See* Docket No. 1-1 at 6 (discussing complications from surgeries occurring in March of 2008).)

There are two obvious jurisdictional problems with this case. First, Plaintiff has alleged that both she and Defendants reside in the State of Minnesota, yet she asserts that this Court has diversity jurisdiction. (Docket No. 1 at 1-2 ¶¶ 1-2; *id.* at 3 ¶ 6 (checking box that states "Defendant(s) reside in Minnesota"); *id.* at 4 (referring to "Diversity of Citizenship" and identifying Drs. Buchwald and Noznesky as "citizen[s]").) Second, Plaintiff has also checked a box on her form Complaint indicating that this Court has federal-question jurisdiction over this action (*see* Docket No. 1-1 at 5 (checking box that indicates the basis of jurisdiction is a federal question)), but the nature of her allegations plainly indicates that she seeks a remedy for medical malpractice by the Defendants, which is a state-law cause of action.

As in all cases brought in federal court, we must consider whether federal subject matter jurisdiction exists in this case, and, on the face of the Complaint, this Court concludes that jurisdiction is lacking.

## II. DISCUSSION

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926 (1972), (citing *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added.)

On the face of the Complaint, there is no basis for concluding that federal subject-matter jurisdiction exists in this case. As noted above, Plaintiff has alleged that she is a Minnesota resident

(Docket No. 1 ¶ 1 (listing Minnesota address), and that Defendants reside in the State of Minnesota (Docket No. 1 ¶ 2 (listing Defendants' Minnesota addresses), but nonetheless asserts that there is diversity jurisdiction in this action. Diversity jurisdiction only exists in civil cases where the matter in controversy exceeds $75,000 and is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . .; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Nothing in the Complaint indicates that this action falls within the diversity jurisdiction of the federal courts.

Plaintiff also appears to allege that there is federal-question jurisdiction in this case. However, the Complaint indicates that Plaintiff is seeking relief based on a common-law medical-malpractice theory, which is a matter of state law. In other words, the allegations in the Complaint do not support any conceivable claim based on federal law. Thus, the Court concludes that federal subject-matter jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

This Court concludes that there is no federal subject-matter jurisdiction, and this case cannot proceed in federal court. Therefore, the Court recommends that Plaintiff's IFP application be denied, *see* 28 U.S.C. § 1915(e)(2)(b), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[1]

---

[1] The Court's recommendation of dismissal for lack of subject-matter jurisdiction is not intended to signify any opinion of the merits, if any, of Plaintiff's substantive claim. Instead, the dismissal indicates that if Plaintiff wishes to pursue this claim in court, he must do so in state court, rather than federal court.

The Court also notes that it appears Plaintiff has already litigated this matter unsuccessfully in the State of Minnesota court system. In attachments to her Complaint, Plaintiff's description of this case suggests that she filed claims against these Defendants in state court, that her case was dismissed by Hennepin County Judge Leslie Ann Alton, and that she

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Docket No. 2) be **DENIED**; and

2) This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

DATED: November 14, 2014                         *s/Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

---

was unable to prevail on appeal. (*See* Docket No. 1-5, Letter to United States District Court describing procedural history, dismissal by Judge Alton, and unsuccessful appeal.) Publicly available court records confirm that Plaintiff brought suit against the named Defendants in this case in March of 2012, that her district court action was dismissed in April of 2013, and that her appeal was also dismissed in September of 2013. *Langama v. Buchwald, et al.*, Case No. 27-CV-12-5499, Register of Actions Records, http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1615190990; *Langama v. Buchwald, et al.*, A13-1223, Minnesota Appellate Courts Case Management System, http://macsnc.courts.state.mn.us/ctrack/view/publicCaseMaintenance.do?csNameID=76072&csInstanceID=84719.  Under the *Rooker-Feldman* doctrine, only the United States Supreme Court has jurisdiction to review decisions of state courts. *Friends of Lake View Sch. District v. Beebe*, 578 F.3d 753 (8th Cir. 2009).  Therefore, federal district courts generally lack subject-matter jurisdiction over attempted appeals from state courts. *Id.*  The *Rooker-Feldman* doctrine is generally confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  It "does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits." *Simes v. Huckabee*, 354 F.3d 823, 830 (8th Cir. 2004).  It is not entirely clear whether the Minnesota State courts reached the merits of Plaintiff's claims in dismissing her state-court action, but this Court questions whether application of the *Rooker-Feldman* doctrine would deprive this Court of jurisdiction.  Because it is plain that neither federal-question nor diversity jurisdiction exists in this case, this Court need not resolve the application of the *Rooker-Feldman* doctrine to recommend dismissal of this action.

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 1, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words, or 320 lines of text if set in a monospaced font. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.