UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tanya Langama, | Civil 14-4562 (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Dr. Buchwald, Fairview Hospital;<br>North Memorial Hospital;<br>Dr. Gregory J. Vitas; and<br>Dr. Nathan Noznesky, | |
| Defendants. | |

**I.     Report and Recommendation**

The above matter comes before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel dated November 14, 2014. (Doc. No. 3.)   No objections have been filed to that Report and Recommendation in the time period permitted.[1]   However, on December 15, 2014, Plaintiff Tanya R. Langama ("Plaintiff") filed a self-styled Amended Complaint.  (Doc. No. 4.)   Plaintiff has also filed a Notice of Appeal to the Eighth Circuit Court of Appeals (Doc. No. 5) and an Application to Proceed In Forma Pauperis ("IFP") on Appeal (Doc. No. 6).[2]

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference.

---

[1]   Per the R&R, objections were due by December 1, 2014.  (Doc. No. 3 at 5.)

The Court has carefully examined the filings in this matter, including Plaintiff's Amended Complaint. The Court concludes that, despite Plaintiff's unfortunate alleged medical issues, her case cannot proceed in federal court due to lack of subject matter jurisdiction. As the Magistrate Judge found, the parties to the case are all citizens of Minnesota and, therefore, the Court does not have jurisdiction on diversity of citizenship grounds. (*See* Doc. No. 3 at 2-3.) Additionally, as the Magistrate Judge also found, Plaintiff's claims are state law negligence-based claims and, therefore, cannot provide the basis for federal question jurisdiction. (*See id.* at 3.) Even taking into consideration the additional allegations contained within Plaintiff's self-styled Amended Complaint (*see* Doc. No. 4), Plaintiff's complaint would still not survive a motion to dismiss for the reasons stated in the R&R. Therefore, Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction, and the Court adopts the Magistrate Judge's recommendations.

## II.   *In Forma Pauperis* on Appeal

Plaintiff has also filed a notice of appeal and an application to proceed *in forma pauperis* ("IFP") on appeal. (Doc. Nos. 5 & 6.) Plaintiff appears to be attempting to appeal the November 14, 2014 R&R to the extent it recommends the dismissal of her case (without prejudice). (*See* Doc. No. 3.) With this Order, the Court adopts the Magistrate Judge's November 14, 2014 R&R. Thus, with this Order, all claims are dismissed, and the Court enters Judgment as to the entire case. As a result,

---

[2]   Doc. Nos. 5 and 6 were both filed on December 15, 2014.

any IFP on appeal application filed after this Order would be properly before the Court. To conserve resources, the Court considers Plaintiff's already-filed IFP application at this time and does so as if it was filed in light of this Order, which disposes of the case in its entirety.

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is not taken in good faith if the claims to be raised on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal courts cannot summarily dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's complaint are merely "unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, an IFP action can properly be dismissed *sua sponte* if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* (citing *Neitzke*, 490 U.S. at 325, 328).

In this case, the Court has reviewed the information provided by Plaintiff in her IFP application (*see* Doc. No. 6) and finds that she qualifies financially for IFP status. Moreover, although the Court is satisfied that Plaintiff's complaint is properly being dismissed, it cannot say that the issues raised by Plaintiff's appeal are frivolous as the Supreme Court has defined that term.  *See Neitzke*, 490 U.S. at 325.  Accordingly, the Court grants Plaintiff's application to proceed IFP on appeal.  That said, it appears that Plaintiff has filed her notice of appeal prematurely.  *See* Fed. R. App. P. 4(a).  Should Plaintiff wish to appeal the dismissal of this action, she may be best served by filing a new notice of appeal within the time limits allotted by Rule 4.

## ORDER

With respect to the Report and Recommendation of the Magistrate Judge and upon all of the files, records, and proceedings herein, the Court now makes and enters the following:

1.    Magistrate Judge Franklin L. Noel's November 14, 2014 Report and Recommendation (Doc. No. [3]) is **ADOPTED**.

2.    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. [2]) is **DENIED AS MOOT**.

3.    This matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

    4.    Additionally, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis on Appeal (Doc. No. [6]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 31, 2014        s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge